FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
4:47 pm, Jun 01, 2021
JEFFREY P. COLWELL, CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.  $37,000.00  IN UNITED STATES CURRENCY,
2.  $9,000.00  IN UNITED STATES CURRENCY,
3.  30850 WEST COUNTY ROAD 1230, STIGLER, OKLAHOMA,

      Defendants.
_____

**VERIFIED COMPLAINT FOR FORFEITURE *IN REM***
_____

The United States of America, by and through Acting United States Attorney Matthew T. Kirsch and Assistant United States Attorney Tonya S. Andrews, pursuant to Supplemental Rules for Admiralty, Maritime and Asset Forfeiture Claims G(2), states:

<u>JURISDICTION AND VENUE</u>

1.     The United States of America (the "United States") has commenced this action pursuant to the civil forfeiture provisions of 18 U.S.C. §§ 981(a)(1)(A), 981(a)(1)(C) and 21 U.S.C. § 881(a)(6), seeking forfeiture of the defendant property based upon violations of 18 U.S.C. §§ 1956(a)(1)(B)(i), 1957(a), and 21 U.S.C. § 801, *et seq.*   This Court has jurisdiction under 28 U.S.C. §§ 1345 and 1355.

2.     Venue is proper under 21 U.S.C. § 881(j) and 28 U.S.C. § 1395, as the defendant property is located, and the acts described herein occurred, in the District of Colorado.

1

## DEFENDANT PROPERTY

3.      Defendant property is more fully described as:

a.      $37,000.00 in United States currency ("defendant $37,000.00 in U.S. currency), seized on November 5, 2020, from Lin Zhang, near 15600 E. Briarwood Avenue, Centennial, Colorado.   Defendant $37,000.00 in U.S. currency is currently being held by the United States Marshals Service.

b.      $9,000.00 in United States currency ("defendant $9,000.00 in U.S. currency), seized on November 5, 2020, from Yan Chen and Lihui Yu, near 15600 E. Briarwood Avenue, Centennial, Colorado.   Defendant $9,000.00 in U.S. currency is currently being held by the United States Marshals Service.

c.      30850 West County Road 1230, Stigler, Oklahoma   ("defendant 30850 W. County Road 1230"), which is more fully described as: 25-9-19 N2 NW HASKELL CO.   Defendant 30850 W. County Road 1230 was purchased in October 20, 2020 for $466,392.50, is titled in the name of Weilun Zhang, and upon information and belief is unencumbered.

## FACTUAL BASIS FOR FORFEITURE

4.      Except as otherwise noted, all the following facts and information have been discovered through my own investigation and observations, and the observations and investigations of fellow law enforcement officers as reported to me.

### Background of Money Laundering Investigation

5.      In June of 2020, the Drug Enforcement Administration (DEA) began

investigating a Chinese Money Laundering Organization (CMLO), which is engaged in transferring U.S. currency derived from illegal drug sales, specifically black market marijuana grown in Colorado, to Chinese Nationals living in the United States, who are in turn engaged in capital flight from China.

6.      The CMLO collects the drug proceeds from Drug Trafficking Organizations (DTO) operating in the United States, and then makes equivalent dollar amount mobile intra-bank transfers between Chinese bank accounts controlled by the CMLO and the DTO.

7.      The DTO can then use the Chinese currency to purchase durable goods from Chinese manufacturers that are then shipped to and sold in Mexico, thereby making the revenue earned in Mexico to appear legitimate.

8.      The CMLO takes the U.S. currency derived from illegal drug sales and sells it to Chinese Nationals living in the United States, who use it to purchase or maintain assets in the United States, or to gamble in U.S. casinos.   Upon receiving the U.S. currency, the Chinese Nationals make equivalent dollar amount mobile intra-bank transfers between Chinese bank accounts controlled by the Chinese Nationals and the CMLO.

9.      The Chinese Nationals are thus subverting China's capital control regulations, which prohibit the removal of more than $50,000 from the country.

10.      The DTO's can avoid having to physically transport large amounts of currency, and having to use traditional banking channels, and can therefore avoid the scrutiny of financial institutions and law enforcement agencies.

11.     The Chinese Nationals can avoid China's capital control regulations by essentially accessing and using their Chinese funds in the United States without having to move any funds out of the country.

12.     The CMLO acts as an unlicensed money transmitter, between the DTO needing to move large amounts of currency, and Chinese Nationals living in the United States who need to access their funds that are stuck in China.

**Defendants $37,000.00 in U.S. Currency and $9,000.00 in U.S. Currency**

13.     WeChat is a China-based multi-purpose messaging, social media, and mobile payment platform.

14.     On October 24, 2020, an undercover investigator (UC), contacted an individual on WeChat who used the WeChat ID "ylh188777777153" and the name Peter.   Peter was later identified as Lihui Yu.   Peter told the UC via WeChat that he was interested in doing a money exchange.   Peter introduced the UC to his sister-in-law via WeChat, identified by WeChat ID "wxid_wmwnykzf5o2v21."   WeChat ID "wxid_wmwnykzf5o2v21" was later identified as Yan Chen.

15.     The UC and Chen spoke on WeChat about setting up a money transfer in the amount of $35,000.00, wherein Yan Chen would provide $35,000.00 in U.S. currency to the UC, and the UC would then transfer an equivalent amount of Renminbi from a bank account in China, to another account in China controlled by Yan Chen.   The UC asked Yan Chen if she would be able to do additional transfers and she stated that in another week or two she would be able to transfer an additional $60,000.00.

16.     On November 1, 2020, Yan Chen contacted the UC and stated that she was

able to do an exchange for between $40,000.00 and $50,000.00.

17.     On November 5, 2020, Yan Chen contacted the UC and scheduled a meeting at 5:00pm to exchange the currency and discussed the exchange rate.   The UC requested to meet in the parking lot of a First Bank branch located at 6715 S. Cornerstone Way, Aurora, Colorado.   Yan Chen agreed, but then changed the meeting location to the parking lot of a nearby Ross store located at 15600 E. Briarwood Circle, Aurora, Colorado. Chen thought that exchanging currency in front of a bank might seem suspicious.

18.     On November 5, 2020, at approximately 4:00pm Yan Chen contacted the UC and stated she was running a bit late and requested the UC contact someone she referred to as "Brother Zhang", who was also interested in making a currency exchange. "Brother Zhang" was later identified as Lin Zhang.   The UC contacted Lin Zhang and Zhang told the UC that he was meeting his sister-in-law at the First Bank and would then meet the UC at the Ross location and would be driving a white Volkswagen Tiguan.

19.     At approximately 5:15pm, investigators observed a white Volkswagen Tiguan, registered to Lin Zhang at his residence at 22668 E. Lake Place, Centennial, Colorado, pull into the Ross parking lot and park beside a white 2019 Toyota Rav4, with California license plates registered to Lihui Yu at his residence in California.

20.     Investigators contacted Lin Zhang in the white Volkswagen Tiguan.   Lin Zhang agreed to speak with investigators and said that he was there to exchange currency and said that he had cash in his vehicle.   Lin Zhang told investigators that he worked for a massage business in Littleton, Colorado, and that the money had come from the business.   Lin Zhang could not provide the name of the business.

21.      Investigators searched Lin Zhang's vehicle and discovered defendant $37,000.00 in U.S. currency in a U.S. Postal Service envelope under the driver's seat. Lin Zhang agreed to allow investigators to look through his cell phone and investigators discovered photographs of marijuana plants, marijuana nutrients, and a hand-written marijuana growing schedules.

22.      Investigators also contacted Yan Chen and Lihui Yu in the 2019 Toyota Rav4.  Yan Chen told investigators that she was originally from China and had been in Colorado for two months and had moved from California.   Investigators discovered defendant $9,000.00 in U.S. currency in the glove compartment of the vehicle.   Yan Chen told investigators she had planned to exchange defendant $9,000.00 in U.S. currency with an unknown person.   Yan Chen told investigators the money had come from working at a Chinese restaurant.

## Marijuana Grow Locations

### 22668 E. Lake Place, Centennial, Colorado

23.      According to county property records, 22668 E. Lake Place is a residence owned by Lin Zhang and his wife Xin He.  The residence was purchased in 2018 for $480,000.00.

24.      On February 11, 2021, investigators conducting surveillance at 22668 E. Lake Place noted a 2020 Hyundai Tucson parked at the residence.   The 2020 Hyundai is registered to Lihui Yu at 22668 E. Lake Place.   Luhui Yu was present with Yan Chen at the attempted $46,000.00 money exchange in the Ross parking lot on November 5, 2020.

25.     On February 12, 2021, investigators conducting surveillance at 22668 E. Lake Place noted that 20 solar panels had been installed on the back of the roof, which can be used to mitigate the high cost of electrical power needed for indoor marijuana grows.

26.     On March 2, 2021, investigators conducted a search warrant at 22668 E. Lake Place.  Lin Zhang, Junyi Zhang, Xin He, Cindy Zheng and Weilun Zhang were all present during the search.

27.     During the search, investigators discovered documents pertaining to 1145 5th Avenue, Deer Trail, Colorado, and defendant 30850 W. County Road 1230.

28.     The basement area of the residence contained an elaborate ventilation system and appeared to be set up to maintain a large marijuana grow.  The garage contained hundreds of empty planter pots.   The garage also contained soils, chemicals, hoses, fans, lights, and ballasts, which are commonly used to grow marijuana indoors.

29.     Investigators also discovered approximately 3.5 pounds of processed marijuana packaged in four clear vacuum sealed bags, U.S. currency, and a money counter.   Two of the vacuum sealed bags of marijuana were discovered in Cindy Zheng's bedroom, along with $24,669.00 in U.S. currency.   Two vacuum sealed bags of marijuana were discovered in Junyi Zhang's bedroom, along with two amounts of U.S. currency, $6,360.00 and $1,705.00.   Investigators also discovered $2,792.00 in U.S. currency under the sink in the bathroom off the master bedroom, which is occupied by Lin Zhang and Xin He.

30.     Lin Zhang spoke to investigators and told them that there was once a

marijuana grow in the basement, but it did not belong to him.   Lin Zhang said that the grow equipment costs between $4,000 and $5,000, and that he got the money to buy the equipment from working at a massage business.    Lin Zhang said the massage business he worked for is in Littleton, Colorado but he could not provide the name of the business.

31.    Cindy Zheng spoke to investigators and told them that she rents a room at the residence and pays $600 per month and had lived there for two years.   Cindy Zheng stated she had no knowledge of a marijuana grow in the basement, but stated that a few months prior a washer, drier and refrigerator were moved from the basement of the residence to an upstairs room.

32.    When asked about the packaged marijuana found in her room, Cindy Zheng stated that Lin Zhang had given it to her and that she had planned to sell it to make some extra money.

33.    Cindy Zheng told investigators that she had given Lin Zhang $6,000.00 of the $46,000.00 involved in the attempted money exchange on November 5, 2020.   She also stated that she had contacted someone at DEA regarding the seizure of the $46,000.00 in U.S. currency on November 5, 2020.   At that time, she told investigators that she had contributed $12,000.00 to the exchange.

34.    Cindy Zheng also said that she had traveled to Oklahoma in February 2021 to see about an employment opportunity but could not provide any details about the job.

35.    Weilun Zhang, DOB: 10-05-1996, spoke to investigators and told them that he was a student at Regis University and had lived at 22668 E. Lake Place since October 2019 but would not disclose how much he paid in rent.   Weilun Zhang said that he did

not have any knowledge of a marijuana grow in the basement of the residence.   Weilun Zhang also stated that he had never been to Oklahoma and did not have any knowledge of any of the family members owning property there.

36.     Investigators later discovered that the Weilun Zhang, DOB: 10-05-1996 interviewed at the 22668 E. Lake Place residence is a different person than the Weilun Zhang, DOB: 12-30-1999, who is the son of Lin Zhang and Xin He.

37.     Investigators also discovered documents relating to the purchase of defendant 30850 W. County Road 1230.   The documents indicated that Weilun Zhang (DOB: 12-30-1999), son of Lin Zhang and Xin He, purchased defendant 30850 W. County Road 1230 for $466,392.20 and that the property was paid for in full at closing.

**1145 5th Avenue, Deer Trail, Colorado**

38.     According to county property records, 1145 5th Avenue is a residence owned by Weilun Zhang (DOB: 12-30-1999).   The residence was purchased in October 2019 for $263,000.00.

39.     Records show that Weilun Zhang (DOB: 12-30-1999), is listed as the account owner at IREA, which provides electrical service to the residence.

40.     Between November 2019 and January 2021, the average monthly electrical usage was 7,785 kWh per month.   Total payments during this period for electrical use was $12,705.16.   Homes of comparable size typically use between 500 and 1,500 kWh of electricity per month.

41.     On November 17, 2020, investigators conducting surveillance at 1145 5th Avenue noted a 2016 Toyota Rav4 parked in front of the residence.   The 2016 Toyota

Rav4 is registered to Lin Zhang and Xin He at 22668 E. Lake Place.

42.     On February 12, 2021, investigators conducting surveillance at 1145 5th Avenue noted that there was no snow on the roof of the residence, whereas all the other houses on the street had some amount of snow on their roofs from a recent snowstorm. The lack of snow on the roof indicates that there was an extreme amount of heat being generated inside the home.

43.     On March 2, 2021, investigators conducted a search warrant at 1145 5th Avenue.  Investigators discovered small amounts of marijuana and the remnants of a dismantled marijuana grow, including imprints on the floor of planter pots similar in dimension to the planter pots and number of pots found in the garage at 22668 E. Lake Place.

44.     Investigators spoke to the neighbors who stated that on February 28, 2021, multiple individuals were at the residence that day and had loaded various items from the residence into a white van and drove away.

45.     SA Bratten is a Colorado Department of Revenue custodian of records and he searched CDOR databases and records and found that neither Weilun Zhang, Lihui Yu, Yan Chen, Lin Zhang or Xin He had any type of marijuana licensing, nor did they have any type of marijuana tax accounts in which marijuana taxes, as required by law, were reported.  Marijuana revenue and tax reporting is required as well as licensure associated with marijuana grown and sold.

**Financial Investigation**

46.     Weilun Zhang (DOB: 12-30-1999) is 21 years old, and owns the following

real properties, all of which are suspected to have contained or contain marijuana grows without a license:

- 1145 5th Avenue, Deer Trail, Colorado, was purchased in October 2019 for $263,000.00 with a mortgage of $210,400.00 from First Bank;
- 30850 W. County Road 1230, Stigler, Oklahoma, was purchased in October 2020 for $466,392.20 with no mortgage.

47.   In addition, as described in more detail below, over $349,000.00 in cash has been deposited into accounts belonging to Weilun Zhang (DOB: 12-30-1999) from August 2019 to December 2020.

**First Bank Account 4191260159**

48.   Records show that First Bank account 4191260159 is held in the name of Weilun Zhang.   The monthly statements for this account were being sent to 1145 5th Avenue, Deer Trail, Colorado.

Deposits

49.   Records show that between August 2019 and August 2020, there was a total of $91,262.00 in cash deposits made to this account.   Each deposit was for less than $9,900.00.

Withdrawals

50.   Between September 2019 and October 2019, records show payments totaling $5,500.00 were made to Chan Juan Fu, who is associated with an illegal marijuana grow operation located in Alamosa, Colorado.

51.     On October 3, 2019, records show a payment of $50,000.00 was made from this account to Gateway Realty I-70 towards the purchase of 1145 5th Avenue, Deer Trail, Colorado.

52.     Between December 2019 and December 2020, records show payments totaling $14,619.39 were made from this account toward the mortgage on 1145 5th Avenue, Deer Trail, Colorado.

53.     On October 21, 2020, records show that a check for $100,008.00 was written from this account, payable to Adams Abstract Company, a title company, for the purchase of defendant 30850 W. County Road 1230.

**Wells Fargo Bank Account 1970791123**

54.     Records show that Wells Fargo Bank account 1970791123 is held in the name of Weilun Zhang.   The monthly statements for this account were being sent to 22668 E. Lake Place, Centennial, Colorado.

Deposits

55.     Records show that between March 2019 and November 2020, there was a total of $171,805.42 in cash deposits made to this account.   All the deposits except for one was for less than $9,000.00.    A cash deposit on August 21, 2019 was for $17,055.00.

56.     Records show that between March 2019 and September 2020, Cindy Zheng made electronic transfers totaling $24,525.00 into the account using the Zelle money transfer app.

Withdrawals

57.     On August 15, 2019, records show a payment of $2,750.00 was made from

this account to Gateway Realty I-70 towards the purchase of 1145 5th Avenue, Deer Trail, Colorado.

58.     Records show that between December 2019 and November 2020, payments totaling $11,444.85 were made from this account to IREA, for the electrical service at 1145 5th Avenue, Deer Trail, Colorado.

59.     Between September 2019 and December 2019, records show payments totaling $22,400.00 were made to Chan Juan Fu, who is associated with an illegal marijuana grow operation located in Alamosa, Colorado.

60.     On October 20, 2020, records show that a cashier's check in the amount of $144,000.00 was drawn from this account, payable to Adams Abstract Company, a title company, for the purchase of defendant 30850 W. County Road 1230.

**Bank of America Account 139101409248**

61.     Records show that Bank of America account 139101409248 is held in the name of Weilun Zhang.

Deposits

62.     Records show that between January 2020 and December 2020, there was a total of $87,659.73 in cash deposits made to this account.

63.     Records show that in September 2020, Cindy Zheng made deposits totaling $20,400.00 into the account.

64.     Records show that between August 2020 and September 2020, Lin Zhang made deposits totaling $35,000.00 into the account.

65.     Records show that in September 2020, Xin He made deposits totaling

$15,000.00 into the account.

66.     Records show that in February 2020, a money order in the amount of $2,500.00 was deposited into the account.

Withdrawals

67.     On October 21, 2020, records show that a check for $134,892.50 was written from this account, payable to Adams Abstract Company, a title company, for the purchase of defendant 30850 W. County Road 1230.

**Wells Fargo Bank Account 1462999028**

68.     Records show that Wells Fargo Bank account 14629990283 is held in the name of Lin Zhang.   The monthly statements for this account were being sent to 22668 E. Lake Place, Centennial, Colorado.

Deposits

69.     Records show that between January 2019 and October 2020, there was a total of $65,533.60 in cash deposits made to this account.   All the deposits were in amounts less than $8,000.00.

70.     Records show that in May 2020, deposits totaling $2,293.00 were made into the account from the Colorado Department of Labor and Employment Benefits for unemployment benefits.

71.     Records show that between February 2019 and June 2020, Cindy Zheng made deposits totaling $2,200.00 into the account.

72.     Records show that between September 2019 and July 2020, Xin He made deposits totaling $12,300.00 into the account.

Withdrawals

73.     Records show that between February 2019 and October 2020, payments totaling $5,343.89 were made from this account to IREA, for the electrical service at 22668 E. Lake Place, Centennial, Colorado.

74.     Between February 2019 and September 2019, records show payments totaling $21,686.10 were made from this account toward the mortgage on 22668 E. Lake Place, Centennial, Colorado.

75.     Records show that on August 19, 2019, a payment of $356.00 was made to the home-owner's association for 22668 E. Lake Place, Centennial, Colorado.

76.     Records show that on September 9, 2020, a payment of $15,000.00 was made to Weilun Zhang from this account.

77.     Records show that between February 2019 and September 2020, payments of $5,100.00 were made to Xin He from this account.

**Reported Wages**

78.     Based on a search of Colorado wage information Weilun Zhang (DOB: 12-30-1999) had reported earnings of $13,023.45 in 2018, $15,705.39 in 2019, and no reported wages for 2020.

79.     Based on a search of Colorado wage information Lin Zhang had the reported earnings of $11,390.00 in 2017, $8,496.12 in 2018, and no reported wages for 2019 and 2020.

80.     Based on a search of Colorado wage information Cindy Zhang had reported earnings of $4,946.72 in 2018, $5,346.17 in 2019, and $9,256.20 in 2020.

81.     Based on a search of Colorado wage information, Yan Chen and Lihui Yu have not had any reported wages in Colorado.

## Defendant 30850 West County Road 1230, Stigler, Oklahoma

82.     The closing documents show that on October 20, 2020 Weilun Zhang purchased 30850 West County Road 1230 Stigler, OK 74462 for $466,392.50 and was purchased without a loan (paid in full at the time of the closing).   With the Closing Statements found at 22668 E Lake Place, two receipts for cashier's checks were also found; Bank of America cashier's check, check number 1684603286, for $134,892.50, dated October 21, 2020, stating the remitter was Weilun Zhang and paid to Adams Abstract Company; and Wells Fargo Bank cashier's check, check number 6365510430, for $144,000, dated October 20, 2020 stating the remitter was Weilun Zhang and paid to Adams Abstract Company.

83.     Bank of America records show that Weilun Zhang is registered to bank account number 139101409248 and used this bank account to write a $134,892.50 check on October 21, 2020 to Adams Abstract Company for the purchase of 30850 West County Road 1230 Stigler, OK 74462.   Prior to this $134,892.50 check to Adam Abstract Company, as described in more detail above, there were $87,659.73 in cash deposits between January 2020 and December 2020.   Other deposits between August 2020 and September 2020 included $20,400 from Cindy Zheng, $35,000 from Lin Zhang and Lin's Garden (Lin Zhang), and $15,000 from Xin He.

84.     Wells Fargo bank records show that Weilun Zhang is registered to account 1970791123 and used this bank account to obtain a $144,000 cashier's check on October

20, 2020 made payable to Adams Abstract Company for the purchase of 30850 West County Road 1230 Stigler, OK 74462.    Prior to this $144,000 cashier's to Adams Abstract Company, as described in more detail above, there were $166,805.42 in cash deposits between March 2019 and September 2020.    Other deposits included $24,525 in payments from Cindy Zheng.

85.    Additionally, FirstBank records show that Weilun Zhang is registered to bank account number 4191260159 and used this bank account to write a $100,008 check to Adams Abstract Company dated October 21, 2020, for the purchase of 30850 West County Road 1230 Stigler, OK 74462.    Prior to this $100,008 check to Adams Abstract Company, as described in more detail above, there were $91,262 in cash deposits between August 2019 and August 2020 with each deposit except one being less than $9,810.

86.    On March 26, 2021, Haskell County Oklahoma Sherriff Tim Turner drove to the 30850 West County Road 1230, Stigler, Oklahoma property and contacted an individual, who identified himself as "Andy."    During his discussion with "Andy," Sherriff Turner also encountered a young Asian female who introduced herself as Cindy, Andy's wife.    During the course of this investigation, investigators learned that Weilun Zhang (DOB: 12-30-1999) frequently used the name "Andy" with other known associates. Furthermore, a review of documents seized during the search warrant 22668 E. Lake Place revealed that Cindy Zheng was in a romantic relationship with "Andy."    After the meeting concluded, Sherriff Turner sent SA Schnitker, SA Bratten and DEA TFO Romberger a photo he had taken of "Andy" via text message.    All three investigators

agree that the photo of "Andy" matched the individual identified as Weilun Zhang (DOB: 12-30-1999).

## Conclusion

87.    Based on facts and circumstances described above, evidence shows that proceeds from the illegal cultivation and distribution of marijuana were used to purchase defendant 30850 W. County Road 1230 and that defendant $37,000.00 in U.S. currency and defendant $9,000.00 in U.S. currency are proceeds from the illegal cultivation and distribution of marijuana.   In addition, the evidence shows that defendant 30850 W. County Road 1230 was involved in money laundering violations and that defendant currencies were involved in attempted money laundering violations.

## VERIFICATION OF BLAKE M. SCHNITKER
## SPECIAL AGENT, HOMELAND SECURITY INVESTIGATIONS

I, Special Agent Blake M. Schnitker, hereby state and aver under the pains and

penalties of perjury that I have read the foregoing Factual Basis for Forfeiture and that

the facts and information contained therein are true.

Blake M. Schnitker
Special Agent- HSI

19

FIRST CLAIM FOR RELIEF

88.     The Plaintiff repeats and incorporates by reference the paragraphs above.

89.     By the foregoing and other acts, defendant $37,000.00 in U.S. currency constitutes property involved in a financial transaction, or attempted transaction, that was derived from proceeds of some form of unlawful activity, in order to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds, in violation of 18 U.S.C. § 1956(a)(1)(B)(i), and therefore is forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(A).

SECOND CLAIM FOR RELIEF

90.     The Plaintiff repeats and incorporates by reference the paragraphs above.

91.     By the foregoing and other acts, defendant $37,000.00 in U.S. currency constitutes property involved in a monetary transaction in criminally derived property greater than $10,000.00, and is derived from specified criminal activity, in violation of 18 U.S.C. § 1957(a), and therefore is forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(A).

THIRD CLAIM FOR RELIEF

92.     The Plaintiff repeats and incorporates by reference the paragraphs above.

93.     By the foregoing and other acts, defendant $37,000.00 in U.S. currency constitutes moneys, negotiable instruments, securities, or other things of value furnished, or intended to be furnished by any person in exchange for a controlled substance, proceeds traceable to such an exchange, and/or moneys, negotiable instruments, and/or

securities used or intended to be used to facilitate violations of 21 U.S.C. § 801, *et seq.*, and therefore is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

## FOURTH CLAIM FOR RELIEF

94.     The Plaintiff repeats and incorporates by reference the paragraphs above.

95.     By the foregoing and other acts, defendant $9,000.00 in U.S. currency constitutes property involved in a financial transaction, or attempted transaction, that was derived from proceeds of some form of unlawful activity, in order to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds, in violation of 18 U.S.C. § 1956(a)(1)(B)(i), and therefore is forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(A).

## FIFTH CLAIM FOR RELIEF

96.     The Plaintiff repeats and incorporates by reference the paragraphs above.

97.     By the foregoing and other acts, defendant $9,000.00 in U.S. currency constitutes moneys, negotiable instruments, securities, or other things of value furnished, or intended to be furnished by any person in exchange for a controlled substance, proceeds traceable to such an exchange, and/or moneys, negotiable instruments, and/or securities used or intended to be used to facilitate violations of 21 U.S.C. § 801, *et seq.*, and therefore is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

## SIXTH CLAIM FOR RELIEF

98.     The Plaintiff repeats and incorporates by reference the paragraphs above.

99.     By the foregoing and other acts, defendant 30850 W. County Road 1230 constitutes property involved in a financial transaction that was derived from proceeds of

a specified unlawful activity, in order to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds, in violation of 18 U.S.C. § 1956(a)(1)(B)(i), and therefore is forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(A).

SEVENTH CLAIM FOR RELIEF

100.   The Plaintiff repeats and incorporates by reference the paragraphs above.

101.   By the foregoing and other acts, defendant 30850 W. County Road 1230 constitutes property involved in a monetary transaction in criminally derived property greater than $10,000.00, and is derived from specified unlawful activity, in violation of 18 U.S.C. § 1957(a), and therefore is forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(A).

EIGHTH CLAIM FOR RELIEF

102.   The Plaintiff repeats and incorporates by reference the paragraphs above.

103.   By the foregoing and other acts, defendant 30850 W. County Road 1230 constitutes property derived from proceeds traceable to an exchange of a controlled substance, in violation of 21 U.S.C. § 801, et seq., and therefore is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, the United States prays for entry of a final order of forfeiture for the defendant property in favor of the United States, that the United States be authorized to dispose of the defendant property in accordance with law, and that the Court enter a finding of probable cause for the seizure of the defendant property and issue a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465.

DATED this 1st day of June 2021.

Respectfully submitted,

MATTHEW T. KIRSCH
Acting United States Attorney

By:  s/ Tonya S. Andrews
Tonya S. Andrews
Assistant United States Attorney
United States Attorney's Office
1801 California Street, Ste. 1600
Denver, Colorado 80202
Telephone:  (303) 454-0100
Fax: (303) 454-0402
E-mail: tonya.andrews@usdoj.gov
*Attorney for Plaintiff*